UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MATTHEW STALLONE,

    Plaintiff,

v.

MILLIONAIRE MENTOR, INC.,
and JASON STONE,

    Defendants.
_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, MATTHEW STALLONE ("Stallone" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of Florida against MILLIONAIRE MENTOR, INC. ("Millionaire Mentor"), and JASON STONE ("Stone") (together "Defendants"), alleging as follows:

## PARTIES

1. Plaintiff is a highly regarded and sought-after real estate photographer and videographer who specializes in HDR photography, virtual tour and floor plans for houses, and drone videos. Plaintiff resides at 12958 Keele Street, Unit A, King City, Ontario, L7B1H8 Canada, and is a citizen of Canada.

2. On information and belief, Defendant Millionaire Mentor is a Domestic Corporation existing under the laws of the State of Delaware, with its corporate headquarters at 5104 SW 131st Avenue, Miami, Florida 33175. Millionaire Mentor is a motivator, mentor, teacher, and social

media service, which owns, operates, and is solely responsible for the content on its commercial website, www.millionairementor.com.

3. On information and belief, Defendant Stone is an individual and the Founder and Principal of Millionaire Mentor and resides at 10340 SW 187th Street, Miami, Florida 33157, and is a citizen of the State of Florida.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

5. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants resides in this district, and Defendants are subject to personal jurisdiction in this district.

7. Defendants are subject to personal jurisdiction in Florida.

8. This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. On September 25, 2018, Plaintiff captured the photograph, "39 Stafford Rd Porsche -1" ("Copyrighted Photograph"), attached hereto as Exhibit 1. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy.

10. On August 23, 2018, Plaintiff posted Copyrighted Photograph to www.instagram.com/p/BoLLz7in_0U/?utm_source=ig_twitter_share&igshid=fi3idifwsvh4 (Last visited May 28, 2019). *See* Exhibit 2.

11. Plaintiff attached the text "Matthew Stallone photography" to Copyrighted Photograph. *See* Exhibit 3.

12. Beginning on or about October 14, 2018, Defendants copied and posted Copyrighted Photograph to the Defendants' Instagram feed, www.instagram.com/millionaire_mentor (Last visited April 10, 2020). A true and correct copy of the Copyrighted Photograph from Defendants' Instagram feed is attached as Exhibit 4.

13. Upon information and belief, Defendants used Copyright Photograph as a full-page advertisement for Defendants' commercial business and website.

14. Defendants attached the following text to its unauthorized use of Copyrighted Photograph: "MILLIONAIRE MENTOR. A LITTLE DAY ADDS UP TO BIG RESULTS" and attached the Millionaire Mentor logo to its unauthorized use of Copyrighted Photograph. A true and correct copy of the "Millionaire Mentor" logo attached ot the Copyrighted Photographs is attached as Exhibit 5.

15. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on February 11, 2020 (Registration No.: VA 2-196-403).

16. Defendants copied and posted Copyright Photograph without license or permission of Plaintiff.

**COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ**

17. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-16 above.

18. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

19. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

20. Upon information and belief, Stone is the dominant influences in Millionaire Mentor, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Stone is jointly and severally liable for any direct copyright infringement committed by Millionaire Mentor. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984).

21. Upon further information and belief, Stone maintained the right and ability to control the infringing activities of Millionaire Mentor, and had a direct financial interest in those activities by virtue of his equity ownership in the companies. Accordingly, Stone is vicariously liable for any copyright infringement committed by Millionaire Mentor. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

22. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendants' commercial website, www.millionairementor.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

23. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

### COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

25. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-16 above.

26. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendants' public website, www.millionairementor.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

27. As a result of Defendants' actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's

Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper;

D. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: June 22, 2020

Respectfully submitted,

_____
Joycelyn S. Brown,
Florida Bar No. 0058277
IPS Legal Group, P.A.
1951 NW 7th Ave, Suite 600
Miami, Florida 33136
Tel: 786-539-5098
Email: jbrown@ipslegalgroup.com


__/s/_David Deal_____
David C. Deal
Virginia Bar No. 86005
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Tel: 434-233-2727
Email: david@daviddeal.com
*Counsel for Plaintiff*
*Pro Hac Vice Admission pending*