UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MATTHEW STALLONE,

                                            CASE NO.: 1:20-cv-22578-MGC

    Plaintiff,

vs.

MILLIONAIRE MENTOR, INC.,
and JASON STONE

    Defendants.
_____/

## ANSWER TO COMPLAINT

    Defendant, MILLIONAIRE MENTOR, INC. (hereinafter "Defendant"), by and through undersigned counsel hereby files his Answer to Plaintiff's Complaint for Copyright Infringement, and in support states as follows:

### PARTIES

1. Defendant is without sufficient information to allow it to admit or deny the allegations in Paragraph 1 of the Complaint.
2. Admitted as to Defendant Millionaire Mentor being a Domestic Corporation existing under the laws of the State of Delaware, with its corporate headquarters at 5104 SW 131st Avenue, Miami, Florida 33175. For the rest of the Paragraph, denied.
3. The allegation in Paragraph is not directed toward Defendant and therefore no response is required.

### JURISDICTION AND VENUE

4. The allegations in Paragraph 4 of the Complaint are not factual assertions but propositions of law for which no response is required.

5. The allegations in Paragraph 5 of the Complaint are not factual assertions but propositions of law for which no response is required.
6. The allegations in Paragraph 6 of the Complaint are not factual assertions but propositions of law for which no response is required.
7. The allegations in Paragraph 7 of the Complaint are not factual assertions but propositions of law for which no response is required.
8. The allegations in Paragraph 8 of the Complaint are not factual assertions but propositions of law for which no response is required.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Defendant is without sufficient information to allow it to admit or deny the allegations in Paragraph 9 of the Complaint.
10. Defendant is without sufficient information to allow it to admit or deny the allegations in Paragraph 10 of the Complaint.
11. Defendant is without sufficient information to allow it to admit or deny the allegations in Paragraph 11 of the Complaint.
12. Denied.
13. Denied.
14. Denied
15. Defendant is without sufficient information to allow it to admit or deny the allegations in Paragraph 15 of the Complaint.
16. Denied.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ

17. Defendant responds as indicated in Paragraphs 1-16 above, as if set forth herein.
18. Defendant is without sufficient information to allow it to admit or deny the allegations in Paragraph 18 of the Complaint.
19. The allegations in Paragraph 19 of the Complaint are not factual assertions but propositions of law for which no response is required.
20. Denied.

21. Denied.
22. Denied.
23. Denied.
24. Denied.

## COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

25. Defendant responds as indicated in Paragraphs 1-16 above, as if set forth herein.
26. Denied.
27. Denied.

## AFFIRMATIVE DEFENSES

1. Failure to State a Claim for Copyright Infringement - This cause of action for copyright infringement should be dismissed for failure to state a claim for which relief can be sought since the subject matter in controversy is not protected by copyright registration and the registration should be refused.
2. Lack of Subject Matter Jurisdiction - This cause of action for copyright infringement should be dismissed for lack of subject matter jurisdiction since the subject matter in controversy is not protected by copyright registration and the registration should be refused.
3. Unauthorized Derivative Work - The work in controversy features proprietary materials belonging to third parties which, upon information and belief, have not been properly licensed by Plaintiff. The photograph contains, without reserve, architectural designs protected by copyright, as well as a source identifier for a motor vehicle of the brand Porsche, protected by a trademark. As such, Plaintiff's work is not an original work of authorship, but rather a derivative of the underlying works, and is not subject to copyright protection without the express authorization of the underlying work's rights holders, which Plaintiff has neither alleged nor presented proof thereof in his Complaint.
4. Failure to Establish Originality - The work in controversy features proprietary materials belonging to third parties which, upon information and belief, have not been properly

licensed by Plaintiff. Aside from these unlicensed proprietary materials, the Work in controversy does not feature any other original elements, and therefore Plaintiff has not satisfied the threshold of originality required for copyright protection.

5. <u>Work Not Subject to Copyright</u> - The work in controversy features proprietary materials belonging to third parties which, upon information and belief, have not been properly licensed by Plaintiff. As such, Plaintiff's work is not subject to copyright protection without the express authorization of the underlying work's rights holders, which Plaintiff has neither alleged nor presented proof thereof in his Complaint.

6. <u>Copyright Certificate does not Satisfy Registration Requirement</u> - Under *17 U.S.C.S. § 411(b)*, a certificate with inaccurate information does not satisfy the registration requirement if the inaccurate information was knowingly included on the application, and had the Copyright Office known of the inaccuracy, it would have refused to register the copyright. Upon information and belief, Plaintiff had personal knowledge that he was not the owner of the underlying works featured in his derivative work, and knowingly provided inaccurate information to the U.S. Copyright Office in his application which, had the Copyright Office known of the inaccuracy, would have refused to register the copyright.

7. <u>Copyright Registration Refusal</u> - In any case in which inaccurate information of a copyright certificate is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration" *17 USCS § 411*;

8. <u>Non-Ownership of Copyright</u> - Plaintiff is not the owner of one or more Copyrights and Trademarks at issue in the underlying works, as a result of which a copyright infringement action cannot be maintained.

9. <u>Copyright Misuse</u> - Plaintiff used the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and contrary to public policy.

10. <u>License</u> - Defendant was a party to an agreement that gave it permission to employ the allegedly copyrighted work.

11. <u>Innocent Infringement</u> - As a result of Defendant's seeking and obtaining a license from a third party to use the Work, it was not aware and had no reason to believe that its acts constituted an alleged infringement of copyright.

12. <u>Non-Willful</u> - Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.
13. <u>Fair Use</u> - Plaintiffs' claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.
14. <u>Indispensable Parties</u> - Plaintiff has failed to join indispensable parties, to wit, the copyright owner(s) of the underlying architectural and/or other works, as well as the trademark owners(s) of the underlying brand(s).
15. <u>Unclear Hands</u> - Plaintiff improperly sought a Copyright Registration Certificate for a work he had knowledge he did not own copyrights to, and knowingly provided inaccurate information to the U.S. Copyright Office in furtherance of improperly obtaining a Certificate, and as such has unclean hands to present this cause of action.
16. <u>Estoppel</u> - Plaintiff's action is barred by the doctrine of equitable estoppel.

WHEREFORE, Defendant prays this Honorable Court for the following relief: for dismissal of the Plaintiffs' action with prejudice; for a declaratory judgment that Plaintiff has no enforceable copyright; for an advisal from the Register of Copyrights that the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration; for an order that Plaintiffs' shall take no relief from their complaint herein; for an award of Defendant's costs and attorneys' fees herein incurred; and for such further and other relief and the Court deems fair and just.

Dated this 28th day of September 2020.

          Respectfully submitted,

BY: /s/ SILVINO E. DIAZ
Silvino E. Díaz, Esq.
Florida Bar No.: 1015534
EPGD BUSINESS LAW
ATTORNEYS FOR DEFENDANT
777 SW 37th Ave., Ste. 510
Miami, Florida 33135
T: (786) 837-6787
F: (305) 718-0687
silvino@epgdlaw.com

5