## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

MATTHEW STALLONE,

CASE NO.: 1:20-cv-22578-MGC

Plaintiff,

vs.

MILLIONAIRE MENTOR, INC.,
and JASON STONE

Defendants.

_____/

## MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT JASON STONE

Defendant, JASON STONE (hereinafter "Defendant"), by and through undersigned counsel, hereby files his Motion to Dismiss Plaintiff's Complaint for Copyright Infringement, and in support states as follows:

## RELEVANT FACTS

1. On June 22nd, 2020, Plaintiff, Matthew Stallone filed the present cause of action. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2. Plaintiff's Complaint arises out of an alleged copyright infringement and contains two (2) causes of action:

   a. Infringement of copyright pursuant to 17 U.S.C. § 101 et seq;

   b. Removal and alteration of integrity of copyright management information pursuant to 17 U.S.C. § 1202

   *See* **Exhibit "A."**

3. Plaintiff's Complaint is based on the following alleged facts and exhibits attached thereto:

   a. Defendant Millionaire Mentor, Inc. ("Millionaire Mentor") is a Domestic Corporation.

1

     b.   Defendant Jason Stone is an individual and the Founder and Principal of Millionaire Mentor.

     c.   Defendant Millionaire Mentor is a motivator, mentor, teacher, and social media service, which owns, operates, and is solely responsible for the content on its commercial website, www.millionairementor.com.

     d.   Defendants copied and posted Copyrighted Photograph to the Defendant's Millionaire Mentor's Instagram feed, www.instagram.com/millionaire_mentor.

     e.   Defendants used the Copyright Photograph as a full-page advertisement for Defendant Millionaire Mentor's commercial business and website, www.millionairementor.com.

     f.   Defendants copied and posted Copyright Photograph without license or permission of Plaintiff.

   *See* **Exhibit "A."**

4. As set forth hereinafter, the Plaintiff's Complaint fails to state a cause of action upon which relief may be granted as a matter of law and should be dismissed with prejudice.

## APPLICABLE LAW

5. Federal Rule of Civil Procedure 12(b)  provides for the dismissal of an action for: (2) lack of personal jurisdiction; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. *Fed. R. Civ. P. 12(b).*

6. The Essence of *Fed. R. Civ. P. 12(b)(6)* motion for failure to state a claim upon which relief can be granted is that, even accepting all of his alleged facts, Plaintiff has no legal claim. *Marrero v. Modern Maint. Bldg. Serv., 318 F. Supp. 2d 721, 723 (E.D. Wis. 2004)*.

7. The Court's function in ruling on motion to dismiss for failure to state claim is to assess whether the Complaint alone is legally sufficient to state claim for which relief may be granted, and in making determination, a Court may not look to other pleadings or documents to resolve factual disputes. *Swoboda v. Dubach*, 992 F.2d 286, 286 (10th Cir. 1993).

8. A Court may consider only facts alleged in pleadings, documents attached as exhibits or incorporated by reference in pleadings, and matters of which judicial notice may be taken. *Pouliot v. Paul Arpin Van Lines, Inc.*, 303 F. Supp. 2d 135, 137 (D. Conn. 2004).

9.  A Court must not speculate that unmentioned factual propositions or evidentiary links are among facts the Plaintiff intends to prove at trial. *ACLU Found. of S.Cal. v. Barr*, 952 F.2d 457, 459 (U.S. App. D.C. 1991).

10. A Court will dismiss cause of action for failure to state claim when it appears beyond doubt that the Plaintiff can prove no set of facts in support of his/her theory of recovery that would entitle him or her to relief or when the issue of law is dispositive. *Brown v. Unified Sch. Dist. No. 500, 338 F. Supp. 2d 1229, 2004 U.S. Dist. LEXIS 20214 (D. Kan. 2004)*.

11. A dismissal for failure to state claim is a disposition on the merits. *Holder v. Nelson*, 514 F.2d 1091, 1091 (9th Cir. 1975).

12. As it pertains to the personal liability of members of a Florida Corporation, Florida's Business Corporation Act ("the Act") states, in Sec. 607.0831:

    a.  *"A director is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision to take or not to take action, or any failure to take any action, as a director, unless: (a) The director breached or failed to perform his or her duties as a director; and (b) The director's breach of, or failure to perform, those duties constitutes any of the following: (1) A violation of the criminal law ... (2) A circumstance under which the transaction at issue is one from which the director derived an improper personal benefit, either directly or indirectly ... (4) conscious disregard for the best interest of the corporation, or willful or intentional misconduct; or ... (5) recklessness or an act or omission which was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 607.0831*

13. Under the Act, an individual may not bring an action against corporate directors based on *Fla. Stat. § 607.0831* because that statute shields directors from personal liability and specified circumstances in which that protection may be lost; the statute itself does not create any causes of action against corporate directors. *Connolly v. Agostino's Ristorante, Inc.*, 775 So. 2d 387, 388 (Fla. 2nd DCA 2000).

14. In a Complaint for Copyright Infringement against a corporate defendant, Plaintiff must allege more than mere negligence by the director under *Fla. Stat. § 607.0831(1)(b)*, to survive a director's motion to dismiss. *Buckner v. Campbell, 2010 U.S. Dist. LEXIS 128022 (S.D. Fla. Dec. 3, 2010)*.

15. In order to overcome corporate liability protection, Florida courts require the Plaintiff establish three elements to pierce a corporation's veil. Specifically, piercing the corporate veil requires the plaintiff prove: (1) a lack of separateness between the corporation and its

shareholder(s); (2) improper conduct in the use of the corporation by the shareholder(s); and (3) that the improper conduct was the proximate cause of the alleged loss. *See Solomon v. Betras Plastics, Inc., 550 So. 2d 1182, 1184-85 (Fla. 5th DCA 1989).*

16. Piercing the veil of limited liability is an equitable doctrine that is not, by itself, a cause of action. *See Turner Murphy Co. v. Specialty Constructors, Inc., 659 So. 2d 1242, 1245 (Fla. 1st DCA 1995).*

## LAW AS APPLIED TO THE FACTS

17. In the present case, Plaintiff is alleging that Defendant Millionaire Mentor copied and posted his copyrighted image on Defendant Millionaire Mentor's website and social media account without a license or authorization from Plaintiff. *See* **Exhibit** "**A**."

18. Plaintiff asserts that Defendant Jason Stone is the Founder and Owner of Defendant Millionaire Mentor, Inc.

19. At no point in its Complaint does Plaintiff allege any facts that would establish any personal liability of Defendant Stone as an individual director of the corporation. At no point in his Complaint does Plaintiff allege that: Defendant Stone breached or failed to perform his duties as a director, and his breach constituted: a violation of criminal law; an improper personal benefit; a conscious disregard for the best interest of the corporation, or willful or intentional misconduct; or recklessness committed in bad faith or with malicious purpose. *See* **Exhibit** "**A**."

20. In addition, Plaintiff fails to allege in his Complaint that there is a lack of separateness between the corporation and Defendant Stone, an improper conduct in the use of the corporation by the Defendant Stone, and/or that said improper conduct was the proximate cause of the alleged loss. *See* **Exhibit** "**A**."

21. In short, from the face of the Complaint and exhibits attached thereto, Plaintiff entirely fails to allege any personal liability against Defendant Stone, and/or any grounds for overcoming Defendant Millionaire Mentor's corporate liability protection.

22. As a result, it is conclusory beyond doubt that the Plaintiff cannot prove any set of facts in support of his theory of recovery that would entitle him to relief against Defendant Stone.

23. Therefore, Plaintiff's Complaint fails to state a cause of action upon which relief may be granted as a matter of law, and should be dismissed with prejudice.

WHEREFORE, Defendant Jason Stone prays this Honorable Court for: dismissal of the Plaintiffs' action against him with prejudice; an order that Plaintiffs' shall take no relief from their complaint herein; an award of Defendant's costs and attorneys' fees herein incurred; and any such further and other relief and the Court deems fair and just.

Dated this 28th day of September 2020.

Respectfully submitted,

BY: /s/ SILVINO E. DIAZ
Silvino E. Díaz, Esq.
Florida Bar No.: 1015534
EPGD BUSINESS LAW
ATTORNEYS        FOR
DEFENDANT
777 SW 37th Ave., Ste. 510
Miami, Florida 33135
T: (786) 837-6787
F: (305) 718-0687
silvino@epgdlaw.com

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MATTHEW STALLONE,

     Plaintiff,

v.

MILLIONAIRE MENTOR, INC.,
and JASON STONE,

     Defendants.

_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, MATTHEW STALLONE ("Stallone" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of Florida against MILLIONAIRE MENTOR, INC. ("Millionaire Mentor"), and JASON STONE ("Stone") (together "Defendants"), alleging as follows:

## PARTIES

1. Plaintiff is a highly regarded and sought-after real estate photographer and videographer who specializes in HDR photography, virtual tour and floor plans for houses, and drone videos. Plaintiff resides at 12958 Keele Street, Unit A, King City, Ontario, L7B1H8 Canada, and is a citizen of Canada.

2. On information and belief, Defendant Millionaire Mentor is a Domestic Corporation existing under the laws of the State of Delaware, with its corporate headquarters at 5104 SW 131st Avenue, Miami, Florida 33175. Millionaire Mentor is a motivator, mentor, teacher, and social

media service, which owns, operates, and is solely responsible for the content on its commercial website, www.millionairementor.com.

3.   On information and belief, Defendant Stone is an individual and the Founder and Principal of Millionaire Mentor and resides at 10340 SW 187th Street, Miami, Florida 33157, and is a citizen of the State of Florida.

## JURISDICTION AND VENUE

4.   This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

5.   This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6.   This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants resides in this district, and Defendants are subject to personal jurisdiction in this district.

7.   Defendants are subject to personal jurisdiction in Florida.

8.   This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9.   On September 25, 2018, Plaintiff captured the photograph, "39 Stafford Rd Porsche -1" ("Copyrighted Photograph"), attached hereto as Exhibit 1. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy.

10. On August 23, 2018, Plaintiff posted Copyrighted Photograph to www.instagram.com/p/BoLLz7in_0U/?utm_source=ig_twitter_share&igshid=fi3idifwsvh4 (Last visited May 28, 2019). *See* Exhibit 2.

11. Plaintiff attached the text "Matthew Stallone photography" to Copyrighted Photograph. *See* Exhibit 3.

12. Beginning on or about October 14, 2018, Defendants copied and posted Copyrighted Photograph to the Defendants' Instagram feed, www.instagram.com/millionaire_mentor (Last visited April 10, 2020). A true and correct copy of the Copyrighted Photograph from Defendants' Instagram feed is attached as Exhibit 4.

13. Upon information and belief, Defendants used Copyright Photograph as a full-page advertisement for Defendants' commercial business and website.

14. Defendants attached the following text to its unauthorized use of Copyrighted Photograph: "MILLIONAIRE MENTOR. A LITTLE DAY ADDS UP TO BIG RESULTS" and attached the Millionaire Mentor logo to its unauthorized use of Copyrighted Photograph. A true and correct copy of the "Millionaire Mentor" logo attached ot the Copyrighted Photographs is attached as Exhibit 5.

15. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on February 11, 2020 (Registration No.: VA 2-196-403).

16. Defendants copied and posted Copyright Photograph without license or permission of Plaintiff.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ

17. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-16 above.

Case 1:20-cv-22573-MGC Document 1 Entered on FLSD Docket 06/22/2020 Page 4 of 6

18. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

19. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

20. Upon information and belief, Stone is the dominant influences in Millionaire Mentor, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Stone is jointly and severally liable for any direct copyright infringement committed by Millionaire Mentor. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984).

21. Upon further information and belief, Stone maintained the right and ability to control the infringing activities of Millionaire Mentor, and had a direct financial interest in those activities by virtue of his equity ownership in the companies. Accordingly, Stone is vicariously liable for any copyright infringement committed by Millionaire Mentor. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

22. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendants' commercial website, www.millionairementor.com. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

23. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

## COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

25. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1-16 above.

26. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendants' public website, www.millionairementor.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

27. As a result of Defendants' actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's

Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C.  Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper;

D.  Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E.  Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.  Awarding Plaintiff such other and further relief as is just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: June 22, 2020                      Respectfully submitted,

_____
Joycelyn S. Brown,
Florida Bar No. 0058277
IPS Legal Group, P.A.
1951 NW 7th Ave, Suite 600
Miami, Florida 33136
Tel: 786-539-5098
Email: jbrown@ipslegalgroup.com


__/s/_David Deal_____
David C. Deal
Virginia Bar No. 86005
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Tel: 434-233-2727
Email: david@daviddeal.com
*Counsel for Plaintiff*
*Pro Hac Vice Admission pending*

# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3



# EXHIBIT 4



# EXHIBIT 5

